# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00800-CV

**Debra Smith, Appellant**

**v.**

**James East, Individually and d/b/a Avery Fine Wines & Spirits; and Terri Bayless East, Individually and d/b/a Avery Fine Wines & Spirits, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 09-486-C368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## O P I N I O N

Debra Smith appeals a take-nothing judgment in a wrongful-death action arising from the death of her daughter, S.S. The principal issue presented is whether Smith can recover on jury findings apportioning a combined total of more than 50% of responsibility for S.S.'s death to Smith and to S.S. herself, but less than 50% of responsibility to either of them individually. Concluding that Texas law bars Smith from recovering, and that Smith has not otherwise demonstrated reversible error, we will affirm the district court's judgment.

## BACKGROUND

S.S. died from self-inflicted acute alcohol poisoning at seventeen years of age. She lived with Smith, her natural mother. S.S. imbibed the lethal volume of alcohol during the afternoon of Tuesday, February 10, 2009, while "partying" with friends, and Smith found her afterward lying

on a couch in the apartment they shared, unresponsive, when Smith returned home from work in the early evening. Efforts to revive S.S. proved unsuccessful.

Smith would later allege that S.S. obtained the fatal alcohol from a business known as Avery Fine Wine & Spirits, which is co-owned by appellees, James East and Terri Bayless East. Smith sued the Easts for damages both individually as a wrongful-death beneficiary[1] and as representative of S.S.'s estate.[2] Smith's basic factual theory was that S.S. had gone to Avery and succeeded in obtaining alcohol from James East on numerous occasions beginning when she was as young as sixteen years of age, that such access to alcohol had caused what was admittedly a troubled teen to spiral further downward into alcoholism, and that James had ultimately given her the alcohol that killed her. Smith further alleged that James had been acting in the course and scope of his employment with Avery, such that Terri East was vicariously liable for his actions. Smith pled liability theories of common-law negligence as well as negligence per se founded on alleged violations of statutes prohibiting the provision of alcohol to a minor or to a "habitual drunkard."[3] She further alleged that the Easts had acted with gross negligence, entitling her to recover punitive damages. The Easts denied that James had provided S.S. alcohol, and pled that S.S.'s death had instead been proximately caused by the contributory negligence of Smith and/or S.S. herself.

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001-.004, .009 (West 2008). In the absence of material intervening substantive changes, we cite the current versions of codes for convenience.

[2] *See id.* § 71.021 (West 2008).

[3] *See* Tex. Alco. Bev. Code Ann. §§ 101.63, 106.03, .06 (West 2007 & West Supp. 2012). The Legislature amended section 106.06 in 2011, but the change has no substantive impact on our analysis.

2

The claims were tried to a jury, which heard evidence over the course of five days. The district court granted the Easts a directed verdict as to Smith's survival claims and a directed verdict to Smith that James had been acting within the course and scope of his employment with Avery. It submitted to the jury, without objection from either side, a broad-form question inquiring whether the negligence of James, S.S., or Smith had proximately caused S.S.'s death. There was no dispute that the case was governed by chapter 33 of the civil practice and remedies code—Texas's proportionate responsibility scheme[4]—so the district court next submitted a question, predicated on affirmative negligence findings, asking the jury to determine the percentage of the negligence causing S.S.'s death that was attributable to (as applicable) James, Smith, or S.S. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.003 (West 2008). The court additionally submitted the amount of Smith's damages and a punitive-damages predicate question inquiring as to whether the harm to S.S. had been caused by James's gross negligence. The jury found that the negligence of James, Smith, and S.S. had each proximately caused S.S.'s death; apportioned responsibility 35% to James, 25% to S.S., and 40% to Smith; awarded Smith $646,269.00 in damages; and failed to find that James had acted with gross negligence.

Both sides filed motions for judgment on the verdict, but advanced divergent views as to the legal effect of the jury's findings. Smith urged that the findings entitled her to a judgment awarding her $241,639.21, an amount roughly equaling 35% of the damages the jury awarded her—corresponding to James's percentage of responsibility—plus prejudgment interest on that

---

[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.002 (West 2008) ("[T]his chapter applies to . . . any cause of action based on tort in which a defendant . . . is found responsible for a percentage of the harm for which relief is sought.").

amount. *See id*. § 33.013(a) (West 2008) ("[A] liable defendant is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the . . . death . . . for which the damages are allowed."). The Easts, in contrast, argued that chapter 33 barred recovery for Smith altogether because (1) section 33.001 prohibits "a claimant" from recovering damages "if his percentage of responsibility is greater than 50 percent," *id.* § 33.001 (West 2008), and (2) section 33.011(1) defines "claimant" for purposes of that chapter in a manner that makes a wrongful-death plaintiff and the decedent through whom she claims a single "claimant." *See id.* § 33.011(1) (West 2008). Consequently, the Easts reasoned, the district court was required to render a take-nothing judgment on Smith's claims.[5] Following a hearing on the competing motions, the district court rendered a final judgment incorporating the jury's verdict in full and ordering that Smith take nothing on her claims, a disposition that the parties agree necessarily rested upon the legal conclusion, advanced by the Easts, that Smith and S.S. were a single "claimant" for purposes of section 33.001.

Thereafter, Smith timely filed a motion for new trial. In her motion, Smith reurged her arguments regarding chapter 33's application to the jury's findings but also asserted that the jury's negligence findings against her and S.S. were against the great weight and preponderance of the evidence. Smith also complained of evidentiary rulings that included the admission of photographs of S.S. that Smith regarded as "provocative." The district court overruled the motion by written order. This appeal ensued.

---

[5] The Easts also moved for judgment notwithstanding the verdict to the extent of urging that the evidence was legally insufficient to support the jury's finding that any acts or omissions by James had proximately caused S.S.'s death. The Easts have not raised this contention on appeal.

**ANALYSIS**

**Chapter 33**

In her first and primary issue, Smith challenges the district court's construction of chapter 33, urging that she and S.S. are properly considered to be separate "claimants" for purposes of determining the amount that statute permits her to recover based on the jury's findings. Consequently, Smith argues, section 33.001 does not bar her recovery because the jury apportioned only 40% of the negligence to her individually, and only 25% to S.S. Instead, Smith reasons, she may recover 35% of the damages awarded by the jury, corresponding to the percentage of negligence it apportioned to James.

Statutory construction presents a question of law that we review de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective in statutory construction is to give effect to the legislature's intent. *See id*. We seek that intent "first and foremost" in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). "Where text is clear, text is determinative of that intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh'g) (citing *Shumake*, 199 S.W.3d at 284; *Alex Sheshunoff Mgmt. Servs. v. Johnson*, 209 S.W.3d 644, 651-52 (Tex. 2006)). We consider the words in context, not in isolation. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *See Entergy Gulf States, Inc.*, 282 S.W.3d at 437; *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008); *see also* Tex. Gov't Code Ann. § 311.011 (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage," but "[w]ords and phrases that have acquired a technical or

5

particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."). We also read every word, phrase, and expression in a statute as if it were deliberately chosen, and likewise presume that words excluded from the statute are done so purposefully. *See Shook v. Walden*, 304 S.W.3d 910, 917 (Tex. App.—Austin 2010, no pet.). Only when the statutory text is ambiguous "do we 'resort to rules of construction or extrinsic aids.'" *Entergy Gulf States, Inc.*, 282 S.W.3d at 437 (quoting *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007)).

Our analysis of Smith's first issue begins with the text of section 33.001:

> In an action to which this chapter applies, a claimant may not recover damages if his percentage of responsibility is greater than 50 percent.

Tex. Civ. Prac. & Rem. Code Ann. § 33.001. As previously noted, it is undisputed that Smith's wrongful-death action is "an action to which this chapter applies." In turn, the "percentage of responsibility" referenced in section 33.001, read in context with the remainder of chapter 33, refers to the jury's apportionment of responsibility as required under section 33.003, here the findings apportioning 40% of responsibility to Smith, 25% to S.S., and 35% to James. Consequently, if, as the district court concluded, Smith and S.S. collectively are considered a single "claimant," section 33.001 would bar recovery because that "claimant's" percentage of responsibility would exceed 50 %.[6]

---

[6] Although the district court submitted the negligence and proportionate fault of Smith and S.S. separately, as if they were separate parties or "claimants," no one has suggested that this has any impact on our analysis. We further observe, again, that Smith did not object to the charge as submitted.

The text of section 33.001 in itself does not resolve that question.  Although the provision uses "claimant" only in the singular and the male possessive pronoun "his" with reference to the "percentage of responsibility" apportioned to the "claimant," such number- and gender-specific references in codes, the Legislature has instructed, are not dispositive. *See* Tex. Gov't Code Ann. § 311.012 (West 2008) (Code Construction Act) ("[t]he singular includes the plural and the plural includes the singular" and "[w]ords of one gender include the other genders").  Thus, section 33.001 leaves open the possibility of a plural or collective "claimant."  On the other hand, the provision does not affirmatively resolve our issue, either, so we must look elsewhere in search of that answer.

As the Easts emphasize, section 33.011 explicitly defines several terms "[i]n this chapter," including "claimant":

> "Claimant" means a person seeking recovery of damages, including a plaintiff, counterclaimant, cross-claimant, or third-party plaintiff.  In an action in which a party seeks recovery of damages for injury to another person, damage to the property of another person, death of another person, or other harm to another person, "claimant" includes:
>
> (A)    the person who was injured, was harmed, or died or whose property was damaged; and
>
> (B)    any person who is seeking, has sought, or could seek recovery of damages for the injury, harm, or death of that person or for the damage to the property of that person.

Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1).  It is beyond dispute that Smith's action is one "in which [she] seeks recovery of damages for . . . death of another person"—she sues under the Texas wrongful-death statute, wherein the Legislature has created a cause of action, "for the

7

exclusive benefit of the surviving . . . parents of the deceased," "for actual damages arising from an injury that causes an individual's death . . . caused by [a] person's . . . wrongful act, neglect, [or] carelessness." *See id.* §§ 71.002(a), (b), .004 (West 2008). Accordingly, "claimant" in this case includes both S.S. ("the person who . . . died"), *see id.* § 33.011(1)(A), and Smith (a "person who is seeking, has sought, or could seek recovery of damages for the . . . death of that person"), *see id.* § 33.011(1)(B).

One implication of section 33.011's definition of "claimant," as the Texas Supreme Court has held, is that section 33.001 bars recovery by a derivative plaintiff if the fact-finder apportions more than 50% of responsibility to the person through whom the plaintiff claims. *See JCW Elec., Inc. v. Garza*, 257 S.W.3d 701, 707 (Tex. 2008) (holding that section 33.001 barred plaintiffs' wrongful-death and survival claims when decedent was apportioned sixty percent of responsibility for his own death because "[w]hen the claim involves death, as here, 'claimant' is defined to include not only the party seeking damages, but also the decedent"). The supreme court's precedents also compel us to conclude that where, as here, the fact-finder apportions more than 50% of responsibility collectively to the derivative plaintiff and the person through whom she claims, section 33.001 likewise bars the plaintiff's recovery on the cause of action. Although the high court has yet to answer that question directly, this conclusion follows from its jurisprudence addressing settlement credits under chapter 33.

In *Drilex Systems, Inc. v. Flores*, an injured worker sued several defendants for a job-related injury, and his wife and three children joined in the suit as derivative plaintiffs. 1 S.W.3d 112, 115 (Tex. 1999). One of the defendants, Amoco, settled with the plaintiffs for a total of $774,675, distributed in agreed-upon amounts among the individual plaintiffs. *See id.* at 120-21.

8

The claims proceeded to trial against the remaining defendants and a jury found defendant Drilex Systems 60% responsible for the worker's injuries (thereby making it jointly and severally liable[7]), the worker 10% responsible, and the remaining defendants 30% responsible, and awarded a total of $2,145,000 in damages. *Id*. at 116. Drilex invoked the lump-sum settlement credit provided under section 33.012(b) which required, as it does now, that "[i]f the claimant has settled with one or more persons, the court shall further [in addition to reducing the recovery by the claimant's percentage of responsibility[8]] reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a credit equal to . . . the sum of the dollar amount of all settlements . . . ." *See id.* at 122 (citing Act of May 18, 1995, 74th Leg., R.S., ch. 136, § 1, sec. 33.012(b), 1995 Tex. Gen. Laws 971, 974 (amended 2003, 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b) (West 2008)).[9] The lower courts applied the credit based on the specific settlement amounts paid and damages awarded to each individual plaintiff. *See id.* at 121. Drilex contended that section 33.012(b), read in combination with the definition of "claimant" in section 33.011(1), meant that the trial court was required instead to deduct the total amount of settlement payments paid to the family "claimant" collectively from the total amount the family "claimant"

---

[7] *See* Act of May 18, 1995, 74th Leg., R.S., ch. 136, § 1, sec. 33.013(b), 1995 Tex. Gen. Laws 971, 974 (amended 2003, 2007) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 31.013(b)(1) (West 2008)).

[8] *See* Act of May 18, 1995, 74th Leg., R.S., ch. 136, § 1, sec. 33.012(b), 1995 Tex. Gen. Laws 971, 974 (amended 2003, 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b) (West 2008)).

[9] At the time, section 33.012(b) also provided an alternative sliding-scale credit based on percentages of the total award, but the Legislature has since limited the application of that credit to health care liability cases. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.012(c)(2) (West 2008).

recovered, which had the effect of reducing the total amount the family members could recover

against it.  *See id.*  The supreme court agreed with Drilex.  Its reasoning is instructive here:

> All of the Flores family members are seeking recovery of damages for injury
> to Jorge [the injured worker].  Thus, under the plain language of section 33.011(1),
> the term "claimant" in section 33.012(b)(1) includes all of the family members.
>
> If the Legislature had intended that each of the parties seeking recovery for
> damages for the same person be treated as individual claimants, it could easily have
> written the statute as follows:  "In an action in which a party seeks recovery of
> damages for injury to another person . . . both that other person and the party
> seeking recovery of damages are claimants."  Instead, the Legislature provided that
> "'claimant' includes both that other person and the party seeking recovery of
> damages."  We are bound to apply the Legislature's chosen definition.  Thus, the
> court of appeals erred in treating each of the Flores family members as individual
> claimants rather than as one claimant.
>
> Because we must view the entire Flores family as one claimant for
> section 33.012(b)(1) purposes, the total of all damages to be recovered by the family
> must be reduced by the total of all settlements received by the family.

*Drilex*, 1 S.W.3d at 122 (citations omitted).

Although the definition of "claimant" addressed in *Drilex* was later amended by

2003's H.B. 4, those changes served only to expand the scope of "claimant" and do not alter the

underpinnings of the supreme court's analysis in that case.[10]  And, while aspects of *Drilex* have at

---

[10] Under the version of chapter 33 addressed in *Drilex*, the definition of "claimant" provided, in relevant part:

> In an action in which a party seeks recovery of damages for injury to another person,
> damage to the property of another person, death of another person, or other harm to
> another person, "claimant" includes both that other person and the party seeking
> recovery of damages pursuant to the provisions of Section 33.001.

Act of May 18, 1995, 74th Leg., R.S., ch. 136, § 1, sec. 33.011(1), 1995 Tex. Gen. Laws 971, 973
(amended 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 31.011(1) (West 2008));

times elicited criticism, the decision remains binding precedent nonetheless. *See Utts v. Short*, 81 S.W.3d 822, 831 (Tex. 2002) (Baker, J., concurring) (noting *Drilex* remains controlling law); *id.* at 838 (Owen, J., dissenting) ("*Drilex* remains authoritative and has not been overruled.").[11] We are thus bound to follow *Drilex* unless and until the Texas Supreme Court instructs us otherwise. *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.).

The linchpin of the supreme court's analysis in *Drilex* was its construction of section 33.011(1)'s definition of "claimant." The Legislature expressly made that same definition applicable to the use of "claimant" throughout chapter 33. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.011 (providing definitions of terms, including "claimant," "[i]n this chapter"). It follows that the same construction of "claimant" would likewise control under section 33.001, such that Smith is barred from recovery because the "claimant" of Smith and S.S. was found to be more than 50% responsible for S.S.'s death.

---

*cf.* Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1) (West 2008) ("In an action in which a party seeks recovery of damages for injury to another person, damage to the property of another person, death of another person, or other harm to another person, "claimant" includes: (A) the person who was injured, was harmed, or died or whose property was damaged; and (B) any person who is seeking, has sought, or could seek recovery of damages for the injury, harm, or death of that person or for the damage to the property of that person). The effect of the H.B. 4 amendments was thus to expand "claimant" to encompass not only derivative plaintiffs who are actually asserting claims, but any person who could potentially assert such a claim. *Cf. Utts v. Short*, 81 S.W.3d 822, 825 (Tex. 2002) (plurality op.) (addressing whether, under prior version of chapter 33, nonsettling defendant entitled to settlement credit).

[11] In the plurality opinion, four members of the *Utts* court contended that *Drilex* was wrongly decided and should be overruled, while two members argued that *Drilex* was distinguishable and did not control because Walker was not a party seeking damages when the trial court submitted the case to the jury. *Utts*, 81 S.W.3d at 827. Three members of the court took the position that *Drilex* was correctly decided and should be applied. *Id*. at 838 (Owen, J., dissenting).

In contending otherwise, Smith relies on two decisions of the Corpus Christi Court of Appeals, *Sanchez v. Brownsville Sports Ctr., Inc.*, 51 S.W.3d 643 (Tex. App.—Corpus Christi 2001, no pet.), and a subsequent memorandum opinion that followed *Sanchez* over a dissent, *Salinas v. Kristensen*, No. 13-08-00110-CV, 2009 WL 4263107 (Tex. App.—Corpus Christi Nov. 25, 2009, pet. denied) (mem. op.); *see id*. at *6 (Vela, J., dissenting). Both *Sanchez* and *Salinas* involved wrongful-death and survival claims asserted by two parents of a deceased child. *See Sanchez*, 51 S.W.3d at 652-53; *Salinas*, 2009 WL 4263107, at *1. In each case, a jury found that the two parents collectively, but not individually, were responsible for more than 50% of their child's death, and the defendant attempted to invoke section 33.001 to bar either parent from recovering. *See Sanchez*, 51 S.W.3d at 654-56; *Salinas*, 2009 WL 4263107, at *3-4. The *Salinas* defendants relied on *Drilex* in support of their argument. *See Salinas*, 2009 WL 4263107, at *4. Rejecting this argument, the Corpus Christi Court reasoned that *Drilex* was distinguishable because it involved the issue of settlement credits, not the right of each parent to recover damages under the wrongful-death statute in light of chapter 33. *See id*. at *4. Leaving aside whether *Sanchez* and *Salinas* can be fully reconciled with *Drilex*, they are distinguishable from the present case because they involved claims asserted by two different wrongful-death beneficiaries and the issue of whether the contributory negligence of the two beneficiaries collectively could bar recovery under section 33.001. The Corpus Christi Court explained the distinction:

> Although only one cause of action exists in . . . [a] wrongful death case, each of the parents is entitled to recover for the death of their son . . . . As they are each entitled to recover, each of the Ramoses is a claimant for the purposes of the civil practice and remedies code. Each one of the Ramoses should have recovered the amount of damages apportioned to them by the jury and reduced by their respective percentages of responsibility.

12

*Sanchez*, 51 S.W.3d at 656 (internal citations omitted); *see Salinas*, 2009 WL 4263107, at \*4; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 71.004 ("An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased."). Here, by contrast, there is only one wrongful-death beneficiary suing—Smith—and the issue is whether her contributory negligence and that of the decedent through whom she claims can bar recovery under section 33.001. Consequently, *Sanchez* and *Salinas* do not alter our conclusion that *Drilex* compels us to hold that Smith and S.S. are a single "claimant" for purposes of section 33.001, barring recovery.

Beyond her reliance on *Sanchez* and *Salinas*, Smith suggests that this application of section 33.001 infringes her rights under the Open Courts provision of the Texas Constitution, but such a challenge cannot lie where, as here, her cause of action rests upon the wrongful-death statute and not the common law. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 903 (Tex. 2000) ("[W]rongful-death and survival claimants cannot establish an open-courts violation because they 'have no common law right to bring either.'" (quoting *Bala v. Maxwell*, 909 S.W.2d 889, 893 (Tex. 1995))). Smith further decries what she urges are harsh consequences or unfairness created by section 33.001's application here, but these arguments are properly directed to the Legislature. *See T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 672 (Tex. App.—Austin 2009, no pet.) (citing *Simmons v. Arnim*, 220 S.W. 66, 70 (1920) ("Courts . . . must take statutes as they find them . . . . They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law . . . .")).

13

Applying the controlling statutory language, as construed by the binding precedent of the Texas Supreme Court, we hold that the jury's findings apportioning more than 50% of responsibility to Smith and S.S. barred Smith from recovering under the wrongful-death statute. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001, .011(1); *Drilex*, 1 S.W.3d at 122. Consequently, the district court did not err in rendering a take-nothing judgment on that basis. Accordingly, we overrule Smith's first issue.

**Sufficiency of the evidence**

In her third issue, Smith challenges the factual sufficiency of the evidence supporting the jury's negligence findings against her and S.S. The Easts argue that Smith waived her right to challenge the sufficiency of the evidence by moving for judgment on the jury's verdict. They rely on *Litton Industrial Products, Inc. v. Gammage*, which noted that a party could not take a position on appeal inconsistent with relief requested in a motion for judgment. 668 S.W.2d 319, 321-22 (Tex. 1984) (after moving for judgment on actual damages, defendant entitled to appeal award of treble damages under DTPA); *see also Miner-Dederick Constr. Corp. v. Mid-Cty. Rental Servs., Inc.*, 603 S.W.2d 193, 198 (Tex. 1980) (party moving for judgment on one interpretation of jury's findings entitled to complain that findings based on another interpretation were against preponderance of the evidence); *Green v. Texas Workers' Comp. Ins. Facility*, 993 S.W.2d 839, 843 (Tex. App.—Austin 1999, pet. denied) (party moving for judgment based on entitlement to relief supported by jury's findings did not waive right to complain about exclusion of expert testimony, which allegedly resulted in jury's failure to award additional relief). We agree with the Easts.

14

Following the jury's verdict apportioning liability among Smith, S.S., and the Easts, Smith filed a motion for judgment asking that the district court "enter a judgment incorporating the findings of the [j]ury" and award her damages consistent with the jury's findings. Her motion made no reservation of the right to complain about the jury's findings regarding her or S.S.'s negligence. Only after the district court entered a take-nothing judgment against her did Smith attempt to challenge the factual sufficiency of the evidence supporting the jury findings on which she had previously relied. That assertion is inconsistent with the position she took in her motion to enter judgment. *See Stewart & Stevenson Servs., Inc. v. Enserve, Inc.*, 719 S.W.2d 337, 341 (Tex. App.—Houston [14th Dist.] 1986, no writ) (party waived right to complain about no evidence or insufficient evidence; by moving for judgment on verdict and then filing motion for new trial once judgment rendered on verdict, party attempted to "have it both ways"). Further, her motion lacked any reservation of rights to complain about the judgment on appeal. *See Bray v. Tejas Toyota, Inc.*, 363 S.W.3d 777, 787 (Tex. App.—Austin 2012, no pet.) ("'To preserve the right to complain about a judgment on appeal, a movant for judgment should state in its motion to enter judgment that it agrees only with the form of the judgment, and note its disagreement with the content and result of the judgment.'" (quoting *Casu v. Marathon Ref. Co.*, 896 S.W.2d 388, 389 (Tex. App.—Houston [1st Dist.] 1995, writ denied), and citing *First Nat'l Bank v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989))). We conclude that Smith waived her right to complain on appeal about the factual sufficiency of the evidence supporting the jury's findings.

In any event, the evidence was factually sufficient to support the jury's negligence findings against Smith and S.S. Under our factual-sufficiency standard of review, we weigh all the evidence in the record and may overturn a finding only if it is so against the great weight and

preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). But we may not merely substitute our judgment for that of the jury. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). The jury remains the sole judge of witnesses' credibility and the weight to be given their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Applying this standard, we cannot conclude that the evidence so greatly preponderates against the jury's findings that they were clearly wrong and manifestly unjust.

As for S.S.'s conduct, the jury heard considerable evidence that S.S. and her friends, though minors, engaged in excessive drinking, that S.S. had a run-in with Houston police related to alcohol, that she ran away from home when challenged on her drinking, and that she had generally established a pattern of reckless behavior regarding alcohol consumption in the months leading up to her tragic death. The jury also saw photographs taken shortly after S.S.'s death that revealed empty alcoholic beverage containers strewn about S.S.'s bedroom and even arranged in a display on her bureau. This evidence, in turn, was probative of Smith's knowledge of her minor daughter's conduct, if not some acquiescence in it. Although Smith insisted that she tried to "lay down the law" with S.S. and denied ever purchasing alcohol for her, the jury heard conflicting testimony of a visit by Smith and S.S. to Avery in which Smith purchased a bottle of her daughter's preferred brand of vodka after S.S. set it on the counter.[12] The jury also heard evidence that Smith failed to follow up with a physician or obtain rehabilitative services for S.S. after S.S. was taken to the emergency room

---

[12] James East testified to this event, and his account was corroborated by an Avery customer, Jordan Lane. Smith objected to Lane as a surprise witness and moved to exclude his testimony before trial, but has not brought these objections forward on appeal.

16

for alcohol abuse in October 2008. Given such evidence, we cannot say the jury's findings against Smith and S.S. were clearly wrong and manifestly unjust. Accordingly, we overrule Smith's third issue.

**Admission of evidence**

In her second issue, Smith contends that the district court abused its discretion in admitting "provocative" photographs of S.S. over Smith's objection. Smith argues that the photographs' probative value, if any, was greatly outweighed by the prejudicial effect they had on the jury. On appeal, she relies on rule of evidence 403, which provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. The Easts respond that Smith failed to preserve error. Specifically, they assert that Smith objected to the photographs solely on relevance grounds at trial, and has therefore waived her right to object on alternative grounds on appeal.

To preserve the right to complain on appeal about the admission of evidence at trial, a party must have objected at the time the evidence was offered, the objection must have been specific enough to enable the trial court to understand the precise nature of the error alleged, and the party must have obtained a ruling on its objection. *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a)(1); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991). Complaints and arguments on appeal must correspond with the complaint made at the trial court level. *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex. App.—Dallas 2009, no pet.). "Where trial objection is not the same as the complaint presented on appeal, the complaint is not preserved for appellate

review." *A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 678 (Tex. App.—Austin 2003, pet. denied) (citing *Rogers v. Stell*, 835 S.W.2d 100, 101 (Tex. 1992)).

When the Easts offered the photographs into evidence, Smith objected to their relevance, asserting that the photographs had *no* probative value. She did not make any assertions that would have alerted the district court of any reliance on rule 403. She has thus waived her right to rely on rule 403 on appeal. *See id.*; *see also Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (party waived right to complain about constitutionality of admission of witness's testimony when trial objection was limited to rule 403); *Nations v. State*, 944 S.W.2d 795, 799 (Tex. App.—Austin 1997, writ ref'd) (party waived right to complain about testimony's reliability when trial objection was limited to relevancy). In any event, we could not conclude that the admission of these photographs was harmful in light of other evidence concerning S.S.'s conduct of which Smith does not complain. We overrule Smith's second issue.

## CONCLUSION

Having overruled Smith's issues on appeal, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed: February 22, 2013

18