# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00148-CV

**Mehmet Turan Erkan, Appellant**

**v.**

**Habibe Nalan Erkan, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-FM-12-002773, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mehmet Turan Erkan sued his wife Habibe Nalan Erkan for divorce in 2012.[1]  The Erkans had two children, a girl who at the time of trial was eight years old and a boy who was six years old.  Following a bench trial at which both parties proceeded pro se, the trial court signed a final decree of divorce.[2]  The decree granted the divorce and stated, "The parties are ordered to follow the standard possession and access order, except that Mehmet Turan Erkan must obtain and maintain a home with a bedroom for each child before the children may visit overnight."  The decree also awarded Habibe any interest that Mehmet had in two properties located in Turkey.  Mehmet

---

[1]  Because the parties share a last name, we will refer to them by their first names for the sake of clarity.

[2]  Specifically, the trial court signed the final decree of divorce in December 2013 and later signed an amended final decree of divorce in March 2014.  The decrees do not differ from one another in any way that is of consequence for this appeal, and all further references to the decree in this opinion are to the amended decree.

now appeals from the trial court's decree, contending in three issues that the trial court abused its discretion by conditioning the children's overnight visits on his maintaining separate bedrooms for the children, that the trial court abused its discretion when it admitted certain emails relating to the Turkish properties, and that the trial court lacked jurisdiction to award the Turkish properties to Habibe.[3] We will modify the decree to delete the conditioning of the children's overnight visits on Mehmet maintaining separate bedrooms for the children and will affirm the decree as modified.

## STANDARD OF REVIEW

We review the trial court's decisions concerning division of the marital estate and child custody, possession, and visitation for an abuse of discretion. *Iliff v. Iliff*, 339 S.W.3d 126, 133 (Tex. App.—Austin 2009), *aff'd*, 339 S.W.3d 74 (Tex. 2011). "Under an abuse of discretion standard, legal and factual sufficiency challenges to the evidence are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion." *Id.* at 134. We thus engage in a two-pronged inquiry, first applying a traditional sufficiency review to determine whether the trial court had sufficient information, and then determining whether the trial court erred in its application of discretion. *See id.*

---

[3] Habibe has not filed a brief in this case.

## DISCUSSION

**Overnight possession**

In his first issue, Mehmet contends that the trial court abused its discretion by deviating from a standard possession order and ordering that Mehmet's children could stay with him overnight only if he provided a separate room for each child.

The best interest of the child is the "primary consideration" in determinations of possession of and access to the child. *See* Tex. Fam. Code § 153.002. In addition, it is the public policy of this State to "assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child" and to "encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage." *Id.* § 153.001(a)(1), (3). There is a rebuttable presumption that the standard possession order provided by the Texas Family Code "provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator" and "is in the best interest of the child." *Id.* § 153.252. The trial court may deviate from the standard possession order "if the work schedule or other special circumstances of the managing conservator, the possessory conservator, or the child, or the year-round school schedule of the child, make the standard order unworkable or inappropriate," but if the court does so, it "shall render an order that grants periods of possession of the child as similar as possible to those provided by the standard possession order." *Id.* § 153.253. When deviating from the standard possession order, the trial court "shall be guided by the guidelines established by the standard possession order and may consider: (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of

3

the managing conservator and of the parent named as a possessory conservator; and (3) any other relevant factor." *Id.* § 153.256.

Here, no findings of fact or conclusions of law by the trial court appear in the record, and we may not consider oral comments made by the court at a bench trial to constitute findings of fact or conclusions of law. *See In re W.E.R.*, 669 S.W.2d 716, 716 (Tex. 1984) (per curiam). Therefore, we infer that the trial court made all the necessary findings to support its order and we consider only the evidence most favorable to the trial court's order and uphold that order on any legal theory that the evidence supports. *See In re T.J.S.*, 71 S.W.3d 452, 459 (Tex. App.—Waco 2002, pet. denied).

Mehmet testified that he was living with a roommate in a two-bedroom apartment. Mehmet explained to the trial court that if the children were to visit him overnight, he would sleep in the living room and allow the two children to share a bedroom. Mehmet further testified that he was planning to rent his own two-bedroom apartment soon and allow each child to sleep in a room while he slept in the living room. He also testified that he usually worked until 11 p.m. but that he intended to get another job with better hours.

Habibe testified that she was concerned about the children staying overnight with Mehmet because Mehmet had pornography in his apartment that the children might access. She also testified that Mehmet "doesn't have a regular time when he goes to sleep," that the children "feel uneasy" and "don't feel good" after they return from staying with Mehmet, and that the Erkans' son told her that he does not brush his teeth when staying with Mehmet.

Based on the record before us, we conclude that there is insufficient evidence to support the trial court's decision to condition Mehmet's overnight visits with his children on

4

his maintaining a separate room for each child. There is no evidence in the record suggesting that it would be harmful for the children to share a room at their ages. Nor is there any evidence explaining how the children having their own rooms would address the problems of pornography, poor hygiene, or erratic schedules alleged by Habibe. In the absence of a reasonable explanation supported by evidence, the trial court abused its discretion by deviating from the standard possession order and placing a restriction on Mehmet's access to his children that was not placed upon Habibe.

Accordingly, we sustain Mehmet's first issue and will delete the portion of the trial court's decree conditioning Mehmet's overnight visits on his maintaining a separate room for each child.

**Turkish properties**

In his second issue, Mehmet contends that the trial court abused its discretion by admitting into evidence emails allegedly received by Habibe that assert that Mehmet owned several properties in Turkey. It was on the basis of these emails that the trial court awarded two of the properties to Habibe.

When Habibe offered several documents, including the emails, Mehmet stated, "The documents that my wife provided are not real." On appeal, Mehmet asks us to construe this statement as a hearsay objection. Even considering that Mehmet was proceeding without an attorney, we cannot construe his statement as an objection to hearsay. *See In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) ("We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.") (citing *Mansfied State Bank v. Cohn*,

573 S.W.2d 181, 184–85 (Tex. 1978)). It is clear that Mehmet was alleging that the documents were not genuine, not objecting to hearsay. The trial court responded to Mehmet's objection by stating, "Okay. So that's claiming they're not authentic." Moreover, when the trial court asked him, "So do you think that somebody made up this document or that there's an explanation for it?", Mehmet responded, "Just the last [document] is correct and the other ones are made up."

Mehmet did not object to the emails from Turkey on the ground that they were hearsay, and he has therefore waived that objection. *See Smith v. East*, 411 S.W.3d 519, 530 (Tex. App.—Austin 2013, pet. denied) ("Complaints and arguments on appeal must correspond with the complaint made at the trial court level."); *A.G.E., Inc. v. Buford*, 105 S.W.3d 667, 678 (Tex. App.—Austin 2003, pet. denied) ("Where the objection at trial is not the same as the complaint presented on appeal, the complaint is not preserved for appellate review."). Accordingly, we overrule Mehmet's second issue.

In his third issue, Mehmet contends that the trial court "lacked jurisdiction to convey property located outside of Texas to [Habibe]." Whether the trial court lacked subject-matter jurisdiction to award the Turkish properties to Habibe is a question of law we review de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) ("Whether a court has subject matter jurisdiction is a question of law.").

"Texas courts may not adjudicate title to realty in another state or country; they do not have subject matter jurisdiction over property outside the state." *Trutec Oil & Gas, Inc. v. Western Atlas Int'l, Inc.*, 194 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "Texas courts may, however, compel a party over whom it has jurisdiction to execute a conveyance

6

of a real property interest situated in another state." *Kelly Oil Co., Inc. v. Svetlik*, 975 S.W.2d 762, 764 (Tex. App.—Corpus Christi 1998, pet. denied); *see Miller v. Miller*, 715 S.W.2d 786, 788 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (Texas courts lack jurisdiction to adjudicate title to land in another state but have power to compel party to execute conveyance of real property situated in another state). The key jurisdictional question is "whether the cause before the Court involves a naked question of title." *Kelly Oil*, 975 S.W.2d at 764 (quotation marks omitted).

Here, the trial court ordered Mehmet to convey any interest he may have in the two Turkish properties to Habibe as part of the final decree of divorce. Texas courts have jurisdiction to order a party to convey real estate located outside of Texas as part of a divorce decree. *See Okoh-Brown v. Brown*, No. 01-13-00096-CV, 2014 WL 298595, at *1 (Tex. App.—Houston [1st Dist.] Jan. 28, 2014, no pet.) (mem. op.) ("As part of a divorce decree, [a] trial court may require parties over whom it has in personam jurisdiction to execute a conveyance of real estate located in another state.") (quotation marks omitted) (collecting cases); *see also Dankowski v. Dankowski*, 922 S.W.2d 298, 303 (Tex. App.—Fort Worth 1996, writ denied) (holding trial court had jurisdiction to order party to convey Florida property as part of community-property division). We conclude that the trial court had jurisdiction to order Mehmet to convey his interest in the Turkish properties to Habibe, and we therefore overrule his third issue.[4]

---

[4] Although we do not address whether Mehmet waived any objections he may have had to the award of the Turkish properties to Habibe, we note that when the trial court explained its ruling, Mehmet acquiesced, stating, "They do not exist, I don't mind."

7

**CONCLUSION**

Having sustained Mehmet's first issue but having overruled his second and third issues, we modify the amended final decree of divorce to delete the requirement "that Mehmet Turan Erkan must obtain and maintain a home with a bedroom for each child before the children may visit overnight" and affirm the decree as modified. *See* Tex. R. App. P. 43.2(b).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Modified and, as Modified, Affirmed

Filed:   December 8, 2015

8