

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00009-CV
_____

GEICO COUNTY MUTUAL INSURANCE COMPANY, Appellant

V.

TIYA BOGALE, Appellee

On Appeal from the County Court at Law No. 1
Travis County, Texas
Trial Court No. C-1-CV-17-009428

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Thuong Thi Nguyen and Tiya Bogale were involved in an automobile collision in an Austin, Texas, parking lot.[1] After Nguyen's damages were compensated by her insurance company, GEICO County Mutual Insurance, GEICO filed a subrogation suit alleging that Bogale's negligence caused the collision. Since a bench trial determined otherwise, GEICO appeals from the take-nothing judgment entered in favor of Bogle. Because we overrule GEICO's legal and factual sufficiency arguments, we affirm the trial court's judgment.

## I. Standard of Review

"In an appeal from a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict, and we review the factual sufficiency of the evidence to support them as we would review a jury's findings." *MJAH Holdings, LLC v. Henson*, No. 03-18-00012-CV, 2019 WL 1413282, at *4 (Tex. App.—Austin Mar. 29, 2019, no pet.) (mem. op.) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)); *see Murray v. Grayum*, No. 03-10-00165-CV, 2011 WL 2533796, at *2 (Tex. App.—Austin June 24, 2011, pet. denied) (mem. op.) (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam)).

"In a bench trial where no findings of fact or conclusions of law are requested by the parties or filed by the trial court, the judgment implies all findings of fact necessary to support it." *Johnson v. Oliver*, 250 S.W.3d 182, 186 (Tex. App.—Dallas 2008, no pet.); *see Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

1990) (per curiam). "If a reporter's record is filed, an appellant may challenge the legal and factual sufficiency of the trial court's implied findings." *Hampden Corp.*, 2014 WL 2921655, at *6; *see Grayum*, 2011 WL 2533796, at *2. The trial court, as the finder of fact, "is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we will not disturb the court's resolution of evidentiary conflicts that turn on credibility determinations or the weight of the evidence." *Grayum*, 2011 WL 2533796, at *2 (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)).

As the Austin Court of Appeals explained in *Grayum*,

We will sustain a challenge to legal sufficiency if there is a complete absence of evidence of an essential fact, the trial court was barred by rules of law or evidence from giving weight to the only evidence proving an essential fact, no more than a scintilla of evidence was offered to prove an essential fact, or the evidence conclusively establishes the opposite of the essential fact.

*Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005)). "We view the evidence in the light most favorable to the trial court's determination, crediting favorable evidence if a reasonable fact[-]finder could have done so and disregarding contrary evidence unless a reasonable fact[-]finder could not." *Id.* (citing *Wilson*, 168 S.W.3d at 807).

"In reviewing a factual-sufficiency challenge, we examine the entire record and consider and weigh all the evidence, both in support of and contrary to the challenged finding." *Henson*, 2019 WL 1413282, at *4. "When, as here, a party attacks the factual sufficiency of the evidence supporting an adverse finding on an issue on which it has the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Id.* "[W]e review all the evidence and set aside the judgment only if it is so contrary to the

3

overwhelming weight of the evidence that it is clearly wrong and unjust." *Grayum*, 2011 WL 2533796, at *2 (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam)); *see Mattingly v. Swisher Int'l, Inc.*, No. 03-17-00510-CV, 2018 WL 454787, at *3 (Tex. App.—Austin Jan. 11, 2018, pet. denied).

## II.     The Evidence at Trial

At trial, GEICO introduced a copy of the police report, which listed both Nguyen and Bogale at fault. The report stated Nguyen and Bogale were driving in opposite directions in a parking lot and "attempted to turn into the same parking [a]isle" when they collided with each other. The field diagram in the report is replicated below.



According to Bogale, who was the only witness to testify, Nguyen admitted she also caused the accident and that there "was gonna be a mutual agreement that we were both at fault." As a result, Bogale pleaded the defense of contributory negligence. She testified, "[Nguyen] was speeding. And whenever I was trying to turn then she came and just hit me . . . . [B]oth our cars was [sic] totaled." Bogale added that Nguyen admitted "she was speeding when she got out of the car" and that her "car got out of control." During its questioning of Bogale, the trial court clarified

that Bogale was "already in the driveway" when the accident occurred and that Nguyen "came up after [her]."

On hearing the evidence, the trial court rendered a take-nothing judgment against GEICO.

## III.    Legally and Factually Sufficient Evidence Supports the Trial Court's Judgment

"[A] claimant may not recover damages if his percentage of responsibility is greater than 50 percent." TEX. CIV. PRAC. & REM. CODE ANN. § 33.001. GEICO challenges the trial court's implied finding that Nguyen's responsibility in the accident was greater than fifty percent.

In an argument never made below, GEICO argues that Bogale was at greater fault because she was turning left in order to park.[2] It also believes that the trial court should have attributed more responsibility to Bogale because she hit the back of Nguyen's car. Yet, GEICO fails to address the evidence related to the fact that Nguyen was speeding.

GEICO bore the burden to establish its negligence claim. As the trier of fact, the trial court was free to believe Bogale's testimony that Nguyen (1) admitted she was speeding, (2) "came up after [Bogale]" when Bogale was already turning left, and (3) could not stop in time to avoid the collision because she lost control of her vehicle. "The determination of negligent parties' proportionate responsibility is a matter within the [fact-finder's] sound discretion." *Bechtel Corp. v. CITGO Prod. Pipeline Co.*, 271 S.W.3d 898, 920 (Tex. App.—Austin 2008, no pet.) (citing *Rosell v. Central W. Motor Stages, Inc.*, 89 S.W.3d 643, 659–60 (Tex. App.—Dallas 2002, pet.

---

[2]GEICO relies on Section 545.152 of the Texas Transportation Code, which states, "To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard." TEX. TRANSP. CODE ANN. § 545.152. That said, this section does not mention parking lots, an intersection does not include a parking lot, and had the Legislature chosen to include parking lots in Section 545.152, it easily could have done so. *See* TEX. TRANSP. CODE ANN. §§ 541.303, 550.001.

5

denied)).  This evidence supported the trial court's determination that Nguyen was more than fifty percent responsible for the accident, which operated to bar GEICO's recovery on its claim.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001, 33.011(1); *Smith v. East*, 411 S.W.3d 519, 525, 528 (Tex. App.—Austin 2013, pet. denied) (citing *JCW Elec., Inc. v. Garza*, 257 S.W.3d 701, 707 (Tex. 2008)).  Because we find this evidence both legally and factually sufficient to support the trial court's judgment, we overrule GEICO's points of error.

## IV.    Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     June 21, 2019
Date Decided:       July 3, 2019

6